**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Thanh Huynh,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-20-01955-PHX-SPL<br><br>**ORDER** |

At issue is the denial of Plaintiff Joseph Thanh Huynh's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 24). Along with its Response, Defendant filed a Motion to Remand this matter for a new hearing and decision based on harmful error in the Administrative Law Judge's ("ALJ") decision. (Doc. 29). Thereafter, Plaintiff filed a Reply Brief. (Doc. 33). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 18), reverses the ALJ's decision (AR 15-27), and remands this matter for a new hearing for the reasons addressed herein.

**I.     Background**

Plaintiff filed an Application for SSDI benefits on October 29, 2018, alleging a disability beginning on June 29, 2018. (AR 15). Plaintiff's claim was initially denied on March 11, 2019, and upon reconsideration on May 15, 2019. (*Id*.) A hearing was held before ALJ Carla L. Waters on February 12, 2020. (*Id.* at 172-202). Plaintiff was 30 years

old at the time of the hearing. (*Id.*) Plaintiff's Applications were denied by the ALJ on April 7, 2020. (*Id.* at 27). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of alcohol use disorder in sustained remission, personality disorder, anxiety disorder, bipolar disorder, status post chevronplasty left foot and degenerative joint disease. (AR 17). The ALJ found that Plaintiff could perform light work with a number of limitations, including that Plaintiff could only perform "simple work involving simple work related decisions and simple instructions," have "occasional contact with supervisors and can perform work that does not require a coordinated effort with coworkers to accomplish work tasks." (*Id.* at 19). The ALJ found that Plaintiff could not perform any of his past jobs, but that other jobs existed in significant numbers in the national economy that Plaintiff could perform. (*Id.*)

Plaintiff argues the ALJ committed materially harmful error by rejecting the assessment of treating psychiatrist, Dr. Claudine Egol, M.D., and in rejecting his subjective symptom testimony. (Doc. 24). Plaintiff argues that his case should be remanded for an award of benefits. (*Id.*) The Commissioner agrees that the ALJ erred on both of the issues raised and moves to remand this case for additional administrative proceedings to enable the ALJ to reevaluate the record evidence, including the medical opinion of Dr. Egol, and to reconsider Plaintiff's alleged symptoms and functional limitations, and issue a new decision. (Doc. 29). The Commissioner acknowledges that the ALJ committed harmful error in discussing Dr. Egol's opinion, as it is apparent that the ALJ did not address the factor of supportability in accordance with 20 C.F.R. § 404.1520(c). (*Id.* at 12). The Commissioner also agrees that the ALJ erred in her consideration of Plaintiff's subjective symptom testimony. (*Id.*)

As the parties agree to harmful error on both of the issues raised on appeal by Plaintiff, the Court will only consider the ultimate issue of whether this matter should be remanded for a new administrative hearing or for an award of benefits. The Court has

reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

## II.   Legal Standards

Sentence four of 42 U.S.C. § 405(g), gives the district court the power to "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), as amended (Feb. 5, 2016). Once it has been established that an ALJ's decision contains harmful error, the decision to remand a case for additional administrative proceedings is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded for a new hearing. "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)). In deciding whether additional proceedings are warranted, the court should "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407. In order to remand without rehearing, "the district court must consider whether there are inconsistencies between the claimant's testimony and the medical evidence in the record, or whether the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled." *Id.* (internal citations omitted). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Id.*

For the Court to remand for award of benefits without rehearing, three conditions

must be satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). This mechanism has been described as "a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). And even where each condition is satisfied, the Court may still remand for further administrative proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021. "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." *Id.*

### III. Analysis

Plaintiff argues that the errors in the ALJ's opinion warrant remanding this case for an award of benefits because the vocational expert ("VE") testified that the limitations opined by Dr. Egol and by Plaintiff's own testimony would preclude all work. (Doc. 24 at 25). Defendant moves to remand this matter to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g) to enable the Commissioner to reevaluate the record evidence and issue a new decision. (Doc. 29).

As an initial matter, the parties agree to error with respect to the ALJ's consideration of the medical opinion of Dr. Egol and the consideration of Plaintiff's symptom testimony. The Court agrees and finds error on these issues, noting with respect to the symptom testimony that there is no analysis whatsoever.[1] As to the proper remedy, the Commissioner generally argues that the Court is not permitted to "make a finding of disability," and further that Plaintiff is not entitled to a finding of disability "simply because the ALJ made a mistake." (Doc. 29 at 14-16). The Commissioner further argues that there is conflicting evidence in the record calling into question whether Plaintiff is "as limited as

---

[1] The Court also notes that the ALJ's opinion contains numerous spelling errors, incomplete sentences, and references to "her" rather than "his" when referring to Plaintiff.

- 4 -

*she* [sic] claims to be." (Doc. 29 at 15) (emphasis added). Contrary to the Commissioner's arguments here, Plaintiff is not seeking the Court to make a finding of disability, nor is he seeking the Court to remand this matter for an award of benefits simply because the ALJ made a mistake. Rather, Plaintiff is seeking remand for benefits based on established Ninth Circuit case law, and the harmful error in the ALJ's decision that was stipulated to by both parties.

Notwithstanding the mischaracterizations from the Commissioner, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the correct standards and factors. *See Hill*, 698 F.3d at 1162. Importantly, as to the opinion of treating psychiatrist, Dr. Egol, the parties agree that the ALJ failed to even evaluate the supportability of the opinion, one of the two required factors for addressing medical opinion evidence. (Doc. 29 at 12). Moreover, as to the ALJ's discussion of Plaintiff's subjective symptom testimony, the parties agree that the ALJ did not analyze or tie in her characterization of the medical record to any specific symptom testimony. (*Id.* at 13). These issues are best left to the ALJ as the designated finder of fact. The Court finds on this record, and with this number of errors admitted by Defendant, that remand for a new administrative hearing and a new decision is in the best interest of all parties. Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate to hold a new hearing, reconsider the medical opinion evidence of record, reconsider Plaintiff's symptom testimony and residual functional capacity, and issue a new decision. On remand, the ALJ must determine whether the medical opinion evidence, when properly evaluated according to applicable regulatory standards and considering the required factors of supportability and consistency, establishes disability. Moreover, the ALJ must consider the Plaintiff's symptom testimony under governing standards.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing, to

allow the Commissioner to further evaluate the medical opinion evidence, reevaluate Plaintiff's residual functional capacity in light of the reevaluation of the medical opinions, and issue a new decision.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 30th day of March, 2022.

Honorable Steven P. Logan
United States District Judge